JUDGE DAVID BRIONES
FILED

JUL 09 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. EP-20-CR- |
| Plaintiff, | § | **INDICTMENT** |
| v. | § | CTS 1-3: 21:841(a)(1)-Possession with Intent to Distribute a Controlled Substance; |
| MAX JOEL BURCIAGA, | § | CT 4: 18:922(g)(1) & 924(a)(2)-Possession of Ammunition and/or Firearm by a Convicted Felon. |
| Defendant. | § | |
| | § | 21:851 - Notice of Enhanced Penalty |
| | § | Notice of Government's Demand for Forfeiture |

**EP20CR1566**

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(i))

That on or about June 15, 2020, in the Western District of Texas, Defendant,

**MAX JOEL BURCIAGA,**

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(i).

And the Grand Jury further charges that before Defendant **MAX JOEL BURCIAGA**, committed the offense charged in this count, Defendant **MAX JOEL BURCIAGA**, was previously convicted of Aggravated Robbery (Texas Penal Code § 29.03), a serious violent felony, for which he served more than 12 months imprisonment.

Rev. 2017-11-30

## COUNT TWO
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(viii))

That on or about June 15, 2020, in the Western District of Texas, Defendant,

**MAX JOEL BURCIAGA,**

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

And the Grand Jury further charges that before Defendant **MAX JOEL BURCIAGA**, committed the offense charged in this count, Defendant **MAX JOEL BURCIAGA**, was previously convicted of Aggravated Robbery (Texas Penal Code § 29.03), a serious violent felony, for which he served more than 12 months imprisonment.

## COUNT THREE
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C))

That on or about June 15, 2020, in the Western District of Texas, Defendant,

**MAX JOEL BURCIAGA,**

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR

(18 U.S.C. §§ 922(g)(l) & 924(a)(2))

That on or about June 15, 2020, in the Western District of Texas, Defendant,

**MAX JOEL BURCIAGA,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate and foreign commerce, a firearm, that is a Glock, model 23, .40 caliber pistol, and a Colt, model Officers ACP, .45 caliber pistol, having been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(l) and 924(a)(2).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. 32.2]

### I.
### Drug Violation and Forfeiture Statutes
[Title 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C) and (b)(1)(B)(viii),
Subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2)]

As a result of the foregoing criminal violations set forth in Counts One through Three, the United States of America gives notice to the Defendant **MAX JOEL BURCIAGA**, listed in said counts, of its intent to seek the forfeiture of the properties described below upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (2), which state:

> **Title 21 U.S.C. § 853.  Criminal Forfeiture**
> **(a) Property subject to criminal forfeiture**
> \*\*\*
> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

## II.
## Firearms Violation and Forfeiture Statutes
**[Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the foregoing criminal violations set forth in Count Four, the United States of America gives notice to the Defendant **MAX JOEL BURCIAGA**, listed in said counts, of its intent to seek the forfeiture of the properties described below upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c). Section 924 states, in pertinent part, the following:

> **Title 18 U.S.C. § 924.**
> **(d)(1)**  Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922, or knowing importation or bringing into the United States or any possession thereof any firearm or ammunition in violation of section 922(*l*), or knowing violation of section 924, shall be subject to seizure and forfeiture under the provisions of this chapter. . .

This Notice of Demand for Forfeiture includes but is not limited to the properties described below in Paragraphs II and III.

## III.
## Property

1. Glock, model 23, .40 caliber pistol, bearing serial number WEC282;

2. Colt, model Officers ACP, .45 caliber pistol, bearing serial number SF14171E;

3. $67,323.00, more or less, in United States currency; and

4. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offense.

## IV.
## Money Judgment

A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violations set

Rev. 2017-11-30

forth in Counts One through Six for which Defendant **MAX JOEL BURCIAGA** is individually liable.

### Substitute Assets

If any of the above described forfeitable property, as a result of any act or omission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to Title 21 U.S.C. § 853(p), as incorporated by Title 28 U.S.C. § 2461(c), of any other property of said Defendant up to the value of the forfeitable property.

A TRUE BILL

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

FOREPERSON OF THE GRAND JURY

JOHN F. BASH
UNITED STATES ATTORNEY

BY: _____
    Assistant United States Attorney

Rev. 2017-11-30